## MORGAN et al. v. MCLAREN.

A verbal contract for two lots, to be paid for in printing and cash, is within the statute of frauds, if no part of the stipulated price had been paid, and if the vendee did not acquire possession of the premises.

Where C., as executor of the estate of P., was garnisheed, and answered that P. was indebted to M. K. & Co. in the sum of $140; that M. had verbally contracted to buy two lots of P., and to pay $300 for them, half in printing and half in cash; that the bill of M. K. & Co. was to go in part payment; that "in case the balance of said purchase money is not paid, and I should conclude to rescind the contract and receive back the two lots, then the estate will be owing about the amount of óne hundred and forty dollars;" held, that the court was justified in rendering judgment against the garnishee, to be paid by the estate.

*Appeal from Des Moines District Court.*

*Opinion by* GREENE, J. In this case, P. M. McLaren had obtained judgment against Morgan, McKinney & Co., and caused garnishee process to be issued against Joshua Copp, executor of the estate of F. J. C. Peasley. The executor's answer was, in substance, that he understood the estate to be indebted to Morgan, McKinney & Co., in a sum amounting to something over one hundred and forty dollars; "that J. M. Morgan purchased or contracted for two lots in Peasley's addition to the city of Burlington, for

which he was to pay said Peasley the sum of three hundred dollars, one-half to be paid in printing, and the other half to be paid in cash; that the bill presented by Morgan, McKinney & Co. was to go in part payment ; that there was no bond or deed given by Peasley for said lots; that it was a verbal arrangement between him and Morgan; that if the balance of the purchase money is paid within a reasonable time, he will be entitled to a deed for the lots; and in case the balance of said purchase money is not paid, and I should conclude to rescind the contract and receive back the two lots, then the estate will be owing about the amount of one hundred and forty dollars," &c. Upon this answer, judgment was rendered against the garnishee for the sum of one hundred and forty dollars, to be paid by the Peasley estate, and upon this judgment an appeal is taken.

It is claimed, that the answer shows that there was a valid subsisting contract for two lots, between Morgan, McKinney & Co., and Peasley, and that the one hundred and forty dollars should be applied in part payment of the two lots, and consequently should not be treated as an indebtedness from the estate. We could not deny the correctness of this position, if the answer showed that the verbal contract for the two lots had been made with Morgan, McKinney & Co., instead of James M. Morgan, and if it showed that the vendor had received a portion of the purchase money from them, or had placed the vendees in possession of the lots by virtue of the contract. It appears by the answer, that the contract was with J. M. Morgan alone, that he was to pay one-half of the price of the lot in printing, and the other half in cash. It is not pretended that any payment had been made upon the lots, or that Morgan was in possession. Consequently no evidence of this contract, in relation to a transfer of an interest in land was admissible in evidence, unless in writing, and signed by the party to be charged therewith. Even as between Morgan and Peasley, the contract is clearly within the statute of frauds;

*35

Code, §§ 2409, 2410, 2411. As the contract could not be treated as valid in its effects upon Morgan, *a fortiori*, it could not as to Morgan, McKinney & Co., who were a third party to the arrangement. The statement in the answer, "that the bill of Morgan, McKinney & Co. was to go in part payment," does not show that it was applied in part payment of Morgan's intended purchase, nor does it show that that firm agreed that their claim should be so applied.

The record does not show that this J. M. Morgan is even* a member of the firm of Morgan, McKinney & Co.; but if he is a member of that firm it does not follow that the credits of that firm can be appropriated for the payment of his individual indebtedness, in preference to the indebtedness of the firm. But in this case there was no individual indebtedness from Morgan to the estate of Peasley. As the answer shows the transaction, there was no valid contract between the parties. Morgan could not enforce a specific performance against the estate for the lots, nor could the state sustain an action against Morgan for the price of the lots. There was no written agreement, no payment, no possession; and consequently there could be no competent evidence in reference to this real estate transaction.

We conclude, then, that there was no valid contract between Peasley and Morgan, McKinney & Co., in reference to the lots; that the answer shows the Peasley estate to have been indebted to that firm in the sum stated, and that judgment was correctly rendered against the garnishee.

Judgment affirmed.

*Wm. Thompson*, for appellants.

*Browning* and *Tracy*, for appellee.